**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BARRY CANTRELL,<br><br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN NEVENS, *et al.*,<br><br>　　　　Respondents. | 2:05-CV-1272-PMP-GWF<br><br>**ORDER** |

　　　　This is an action on a petition for writ of habeas corpus. The petition was dismissed with prejudice and judgment entered on January 4, 2007. On February 1, 2007, petitioner filed his notice of appeal and Motion for Certificate of Appealability (dockets #27 and #28). He has also filed a motion for enlargement of time to file a motion for reconsideration (docket #29).

　　　　In the motion for enlargement of time, petition seeks a deadline of February 10, 2007 to file his motion. The basis for petitioner's motion is unclear, although it may be that petitioner is not allowed what he considers to be sufficient time in the law library.  The motion for time (docekt #29) shall be granted and petitioner shall have until February 10, 2007 to file his proposed motion for reconsideration.

　　　　The motion for certificate of appealability shall be denied. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted  28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Court finds that petitioner has not met this standard.

The Court finds that jurists of reason would not find debatable the question whether petitioner's habeas corpus petition was filed within the time allowed by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) or that he is entitled to equitable tolling of the limitations period due to a relocation of the prison mail room.

**IT IS THEREFORE ORDERED** that petitioner's Motion for an Enlargement of Time (docket #29) is **granted**. Petitioner's motion for reconsideration shall be filed no later than February 10, 2007.

**IT IS THEREFORE ORDERED** that petitioner's application for issuance of a certificate of appealability (docket #28) is **DENIED**.

DATED: February 8, 2007

_____
UNITED STATES DISTRICT JUDGE